UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| NEESU WUSHUWUNOAG | : |
| | : |
| v. | :   C.A. No. 16-476S |
| | : |
| STATE OF RHODE ISLAND, | : |
| et al. | : |

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

    Plaintiff Neesu Wushuwunoag, a member of the Mashapaug Nahaganset Tribe, initiated this civil action in the District Court for the District of Columbia "to resolve issues of environmental racism, genocide and slavery against the tribal and individual rights of Plaintiff on [his] historical lands located generally in what is called City of Providence and City of Cranston...." (Document No. 1 at 1).  The case was subsequently transferred to the District of Rhode Island.  Plaintiff's Complaint is accompanied by an Application to Proceed Without Prepayment of Fees including the $400.00 civil case filing fee.  (Document No. 2).  Plaintiff's Application has been referred to me for review and determination.

    Plaintiff's Application is incomplete and thus does not provide the Court with sufficient information to determine whether or not Plaintiff is financially unable to pay the case filing fee.  See 28 U.S.C. § 1915.  In response to each inquiry on the Application, Plaintiff responded "N/A" and he included an "Affidavit of Exempt Filing Fee Status" in which he claims a constitutional exemption from paying any "cost, filing fees and charges" in this case. (Document No. 2 at 6-7).  Plaintiff has not, however, shown any valid legal basis for his claimed Constitutional exemptions and they are rejected.

Plaintiff is, or at least should be, well aware of the Court's position as to his obligation to pay the civil case filing fee or submit a fully completed Financial Affidavit in support of his Application for in forma pauperis ("IFP") status. He filed a nearly identical action earlier this year and was denied IFP status by this Court due to the lack of any applicable legal exemption to the filing fee requirement or any verified showing of financial indigence. See Document No. 5 and Text Order dated June 3, 2016 in Case No. 1:16-CV-00173-S-LDA (D.R.I.). His suit was dismissed without prejudice on June 3, 2016, and Plaintiff did not appeal either my April 27, 2016 Order to the District Judge or the District Judge's June 3, 2016 Dismissal Order to the Court of Appeals. Accordingly, I recommend that Plaintiff's Complaint in this action be DISMISSED absent payment of the $400.00 civil case filing fee or submission of a properly supported IFP Application.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

  /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
August 31, 2016